



# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–13–922

|  |  |
|---|---|
|  | **Opinion Delivered** June 18, 2014 |
| JESSICA ELDREDGE<br><br>APPELLANT | APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NOS. JV-2011-72-3; JV-2012-12-3] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | HONORABLE STACEY ZIMMERMAN, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

The Madison County Circuit Court terminated the parental rights of Jessica Eldredge to her children B.E. and A.E.[1] Counsel for Eldredge has a filed no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2013), asserting that there are no issues of arguable merit to support an appeal and requesting to be relieved as counsel. Eldredge was notified of her right to file pro se points for reversal pursuant to Ark. Sup. Ct. R. 6-9(i)(3), but she has not done so. We grant counsel's motion to withdraw and affirm the order terminating Eldredge's parental rights.

On 31 August 2011, the Department of Human Services (DHS) exercised a seventy-two hour hold on ten-month-old B.E. after her mother, Eldredge, was arrested for possession of a controlled substance (methamphetamine), possession with intent to

---

[1]The court also terminated the parental rights of Christopher Johnson and Justin Jeter, fathers of B.E. and A.E., respectively, but the fathers are not parties to this appeal.

manufacture, and other drug-related crimes. Tessa Bunch, the family service worker, noted that B.E. was wearing only a "dingy diaper and was very dirty" and that there was no electricity or running water in the home. Bunch also observed that "the sink and countertops were littered with dirty dishes[,] [b]aby bottles were crawling with live maggots[,] [and] there was old food and other unsanitary items in the sink." At that time, Eldredge was seven months pregnant and had not been receiving prenatal care.

B.E. was adjudicated dependent-neglected on 14 October 2011, and Eldredge was ordered to, among other things, undergo a psychological evaluation, attend individual counseling, complete a drug and alcohol assessment and follow the recommendations, submit to weekly random drug screens, obtain and maintain stable housing and employment, maintain a clean home, resolve her criminal charges, and obtain prenatal care.

On 10 January 2012, DHS exercised a seventy-two hour hold on two-month-old A.E. after Eldredge's bond was revoked while on trial for previous criminal charges. A.E. was placed in the same foster home as her sister, B.E. The affidavit supporting DHS's petition for emergency custody of A.E. noted that there had been a true finding of poisonous/noxious substance exposure and environmental neglect with regard to B.E. The court found A.E. dependent-neglected in an order filed January 26, and Eldredge was ordered to contact Bunch weekly, to complete drug court, and follow the previous orders laid out in B.E.'s case.[2]

---

[2]The children's cases were not consolidated below, but for simplicity's sake, we will refer to the case below as though each order included both children. The appeals in both cases were consolidated by order of this court on 20 November 2013.

On 24 February 2012, the court entered an "agreed order" stating that Eldredge had admitted to using methamphetamine and suspending visitation with the children until she passed three consecutive random drug screens. In May 2012, however, Eldredge had complied with the case plan and court orders to such a degree that the court authorized a sixty-day trial placement with her. The court reviewed the case in October 2012 and noted that Eldredge had fully complied with her treatment program and completed her psychological evaluation, counseling, and parenting classes. The court then ordered that the children would remain in her custody.

Unfortunately, in December 2012, DHS again exercised emergency custody of the children after Eldredge tested positive for methamphetamine and was arrested for a parole violation. At that time, B.E. was two years old and A.E. was thirteen months old. In April 2013, the court entered a permanency-planning order changing the goal of the case to adoption and noting that Eldredge had failed to contact her case worker weekly, had not provided proof of stable housing and employment, had not submitted to random drug screens, had not followed the terms of her probation, and had not demonstrated stability or the ability to protect the children.

DHS filed a petition for termination of parental rights on 24 May 2013 and alleged the following grounds: (1) the juveniles have been adjudicated by the court to be dependent-neglected and have continued to be out of the custody of the parents for twelve months, and despite meaningful efforts by DHS to rehabilitate the parents and correct the conditions that caused removal, those conditions have not been remedied; (2) other factors or issues arose subsequent to the filing of the original petition for

dependency-neglect that demonstrate that return of the juveniles to the custody of the parent is contrary to the juveniles' health, safety, or welfare and that despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) & (vii)(*a*) (Supp. 2011). After hearings held on July 25 and July 31, the court terminated Eldredge's parental rights to B.E. and A.E. based on the two factors raised in the petition. Eldredge now appeals.

A circuit court's order that terminates parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2011); *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Clear and convincing evidence is proof that will produce, in the fact-finder, a firm conviction on the allegation sought to be established. *Dinkins*, *supra*. On appeal, we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id*. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id*. In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit judge to assess the witnesses' credibility. *Id*.

In her no-merit brief, Eldredge's counsel contends that clear and convincing evidence supports both the finding of grounds for termination and the finding that termination would be in the children's best interest. Regarding the best-interest factor, counsel notes testimony that the children are adoptable; with regard to potential harm, counsel cites Eldredge's continued drug use, instability, and repeated incarceration as

evidence of potential harm to the children. Counsel concludes that there was abundant evidence of adoptability and potential harm and no meritorious argument to the contrary.

As to the grounds for termination, Eldredge's counsel explains that only one ground is required to be proved and argues that, in this case, there was clear and convincing evidence that Eldredge had failed to correct the conditions that caused her children to be removed from her custody initially. Counsel contends that Eldredge's failure to stop using drugs despite being given several opportunities to do so is but one fact demonstrating her failure to correct the conditions that caused removal of the children. Counsel concludes that any argument that the statutory grounds for termination were not established by clear and convincing evidence would be wholly frivolous.

Based on our examination of the record and the brief, we find that counsel has complied with the requirements for no-merit briefs in termination cases and hold that an appeal would be wholly without merit. The circuit court had enough evidence upon which to find that it was in the children's best interest for Eldredge's rights to be terminated and that statutory grounds for termination existed. So we grant counsel's motion to withdraw and affirm the termination of Eldredge's parental rights.

Affirmed; motion to withdraw granted.

WALMSLEY and WYNNE, JJ., agree.

*Shannon Holloway*, for appellant.

No response.