
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-726

| | |
|---|---|
| JASON JONES AND AMANDA SELF<br>APPELLANTS | **Opinion Delivered** December 14, 2016 |
| | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>ELEVENTH DIVISION |
| V. | [NO. 60JV-15-620] |
| ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILD | HONORABLE PATRICIA JAMES,<br>JUDGE |
| APPELLEES | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Jason Jones and Amanda Self appeal a Pulaski County Circuit Court order terminating their parental rights to their son, G.J. Jones challenges both the trial court's findings of statutory grounds and its best-interest determination, while Self challenges only the statutory grounds for termination. We affirm.

### I. *Facts*

The Arkansas Department of Human Services (the Department) initiated contact with Jones and Self in March 2015, due to a report of inadequate supervision and substance misuse. The Department pursued efforts to keep G.J. in the home by means of a safety plan. Jones and Self agreed to remain drug free and that G.J. would be supervised by a sober adult at all times. In April 2015, both Jones and Self tested positive for illegal substances, and the Department opened a protective-services case. Eventually, G.J. was brought into care on May

1, 2015, due in part to the continued drug usage by the parents and the Self's failure to attend AA/NA meetings. The court adjudicated G.J. dependent-neglected on July 1, 2015, based on a stipulation of neglect and parental unfitness caused by the parents' drug use. The court continued custody in the Department and listed the goal of the case as reunification with a concurrent goal of adoption.

The court conducted a review hearing in October 2015, where it changed the goal of the case to adoption with the concurrent goal of reunification. The court acknowledged that the initial goal was reunification and found that the Department had made reasonable efforts to provide services and to achieve that goal. Despite the Department's provision of services, the court noted that the parties were halfway through the case, and their issues were no closer to being resolved. The court stated that it wanted to see that the parents had stable housing and employment and that their medical issues were being addressed. The court found that neither Jones nor Self was in compliance with the case plan and that they were just playing games. The court noted that both parents needed to overcome their drug habits and that prescribed medications could affect their ability to parent as much as illegal substances could. Specifically, the court stated that Jones needed to bring proof of what medication he was on, why he needed it, and whether his conditions, diagnoses, and prognoses were conducive to being able to raise a child. The court indicated it suspected Jones was just trading one addiction for another. The court concluded that there was no evidence that Jones or Self had shown progress or any benefit from the services they had received; instead, they were just

going through the motions. As a result, the court authorized the Department to file a termination petition in the case.

The Department filed a petition to terminate parental rights on March 16, 2016—less than one year from the date of removal. As to both parents, the Department alleged the following grounds for termination: (1) subsequent other factors warranted termination and (2) aggravating circumstances (i.e. that there was little likelihood that services to the family would result in reunification). As to Self, the Department cited her suspected continued drug use, her lack of compliance with the court's orders and case plan, her lack of visitation with the child, her lack of stable housing, her failure to keep the Department informed of her location, and her failure to follow through with referred services as the basis for its subsequent-other-factors allegation. As to Jones, the Department listed the following subsequent factors: his failure to follow through with counseling, his continued drug usage, and his failure to visit the child. As to the aggravated-circumstances ground, the Department alleged that neither Jones nor Self had availed themselves of the services most likely to result in successful reunification and had failed to visit or provide any material or emotional support to the child.

A combined permanency-planning and termination hearing was held on April 18, 2016. After hearing the testimony and reviewing all the evidence presented, the trial court entered an order terminating the parental rights of both Jones and Self. The court found that the Department had proved as to both parents that subsequent other factors existed to support termination, as well as the aggravated-circumstances ground. The court further found that termination was in the best interest of the child; that he was adoptable; and that he would be

3



subject to potential harm if returned to the custody of his parents. Both Jones and Self appeal from this order terminating their parental rights.

## II.  *Standard of Review*

The rights of natural parents are not to be passed over lightly. The termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Fox v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 666, 448 S.W.3d 735. As a result, there is a heavy burden placed on the party seeking to terminate the relationship. *Id.* In order to terminate parental rights, a trial court must find by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted; and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)(i) & (ii) (Repl. 2015). The order terminating parental rights must also be based on a showing of clear and convincing evidence as to one or more of the grounds for termination listed in section 9-27-341(b)(3)(B). Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Posey v. Ark. Dep't of Human Servs.*, 370 Ark. 500, 262 S.W.3d 159 (2007).

On appeal, the appellate court reviews termination-of-parental-rights cases de novo but will not reverse the trial court's ruling unless its findings are clearly erroneous. *Dade v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 443, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire

SLIP OPINION

evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the trial court to judge the credibility of witnesses. *Id.*

### III. *Statutory Grounds*

The court terminated the parental rights of Jones on both the subsequent-other-factors and the aggravated-circumstances grounds. Jones challenges both statutory grounds found by the trial court. However, only one ground must be proved to support termination. *Reid v. Ark. Dep't of Human Servs.*, 2011 Ark. 187, 380 S.W.3d 918. Because there was sufficient evidence to support the aggravated-circumstances ground, his challenge fails.

The court found the statutory ground of aggravated circumstances against Jones by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)(A)*. "Aggravated circumstances" means, among other things, that a determination has been made by a judge that there is little likelihood that services to the family will result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(ix)*(a)(3)(B)(i)*. Here, the court found little likelihood that services to Jones would result in successful reunification. We agree.

Jones admitted having a drug problem. At the review hearing in October 2015, the court specifically informed Jones that he needed to address his drug usage, both prescription and illegal, and he failed to do so. Jones argues that the Department failed to provide him with the appropriate services to remedy his condition—specifically, a drug-and-alcohol assessment and a drug-treatment program.[1] However, it is undisputed that Jones had the benefit of some

---

[1] Jones never argued to the trial court that the Department had failed to provide him with such services.

treatment, but there was no evidence that he had completed the treatment provided. Instead, he admitted driving under the influence of Xanax and to relapsing twice, with each relapse lasting approximately one month. Additionally, he did not have stable employment and had no proof of his current employment because he was "being paid under the table" at his current job. The court found that the current case had been ongoing for almost a year, and Jones was no closer to resolving his issues than he was at the inception of the case. Based on these factors, there was sufficient evidence to support the court's aggravated-circumstances ground for termination. Because only one ground is necessary to support termination, *Reid*, *supra*, we need not analyze the other ground found by the trial court to support termination.

Self also challenges both statutory grounds found by the trial court. She first argues that, because the children were removed from her custody due to her drug usage, her continued drug usage cannot serve as a subsequent other factor for purposes of termination. She is correct that her continued drug usage alone cannot be used to satisfy the subsequent-other-factors ground. However, we need not decide whether her drug usage, when combined with other factors, is sufficient, because, as with Jones, there was sufficient evidence of aggravating circumstances to support termination.

Self, too, suffers from drug addiction. At the beginning of the case, Self was in and out of treatment facilities and continued to test positive for various controlled and illegal substances throughout the case. She claimed that she suffered from chronic pelvic pain for which she received some prescription opioids, but the evidence showed that she had yet to follow through with treatment for her condition or with chronic-pain management. She



finally completed an inpatient treatment at Omart for her substance-abuse addiction, but failed to follow through with the recommended outpatient treatment and did not consistently attend AA/NA meetings after her release. Nor could she, on being questioned by the court, specify which step she was on in her 12-step program. In addition to her addiction issues, the evidence presented revealed that she had not obtained or maintained stable employment or housing and that she had been arrested for shoplifting. Additionally, because of her positive drug screens, she had not visited the child since he was removed from her custody. Based on these facts, there was sufficient evidence on which the court could find that there was little likelihood that further services would result in a successful reunification.

## IV. *Best Interest*

Finally, Jones challenges the trial court's best-interest findings—specifically, the trial court's finding of potential harm.[2] Jones argues that there was insufficient evidence to support the trial court's potential-harm finding. In support of his argument, he highlights his testimony that he and the child had a close relationship, that the child was upset when he was removed from the family, and that the child was happy to see him during visitation. He states that, because he was not offered long-term treatment and the caseworker had not inspected his home for appropriateness, her testimony regarding potential harm could not withstand scrutiny and was, at best, an uninformed opinion. Even assuming Jones's arguments are true, he does not address the effect of his continued drug usage as being a potential harm to the child. This court has consistently noted that continuing drug use demonstrates potential harm

---

[2] Because Jones does not challenge the adoptability finding, we need not address this factor.



to children. *See Jackson v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 440, at 7; *Eldredge v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 385; *Davis v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 815, 370 S.W.3d 283; *Carroll v. Ark. Dep't of Human Servs.*, 85 Ark. App. 255, 148 S.W.3d 780 (2004). Jones's continued use of illegal drugs alone is contrary to the child's best interest and supports the trial court's finding of potential harm.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant Jason Jones.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant Amanda Self.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.