

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-342

KRISTIN ALLEN

APPELLANT

V.

ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN

APPELLEES

Opinion Delivered: September 27, 2017

APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT
[NO. 64JV-15-38]

HONORABLE TERRY SULLIVAN, JUDGE

AFFIRMED

## MIKE MURPHY, Judge

Kristin Allen appeals the January 30, 2017, Scott County order terminating her parental rights to her two children, K.A. and S.A. On appeal, she argues that there was insufficient evidence presented to establish that termination of her parental rights was in the best interest of her children. We affirm.

On October 9, 2015, appellant Kristin Allen took her unresponsive two-year-old daughter, K.A. to a local emergency room, claiming that K.A. had gotten into the medicine cabinet. K.A. was airlifted to Arkansas Children's, where laboratory tests revealed that the then two-year-old was positive for cocaine and PCP. Given the circumstances, the Arkansas Department of Human Services (DHS) assumed emergency custody of K.A. and her older brother, S.A. (d.o.b. 1-13-2011).

A probable-cause hearing was held on October 13, 2015, and the circuit court found that emergency conditions existed that necessitated DHS's continued custody of the

children. On December 3, 2015, the children were adjudicated dependent-neglected for neglect and parental unfitness. The goal was set for reunification, and Allen was ordered to submit to random drug screens; watch "The Clock is Ticking" video; complete parenting classes; obtain and maintain stable housing and employment; attend counseling; submit to a psychological evaluation; submit to a drug-and-alcohol assessment; cooperate with DHS; and comply with the case plan.

The case proceeded through two review hearings. Allen was found to be in partial compliance at the first review hearing, and DHS expanded visitation to a trial home placement. That placement ended, however, when Allen was arrested for possession of controlled substances and drug paraphernalia.

A permanency-planning hearing was held on September 13, 2016. The court found that Allen was living in a motel, had sporadic employment, had failed to complete a residential-treatment program, had used methamphetamine within the last month, and had acquired new drug-related charges. The goal of the case was changed to adoption. DHS moved for termination of Allen's parental rights, and a termination hearing was held on November 22, 2016.

At the hearing, Allen initially requested a continuance so that she might complete a treatment program in which she was currently engaged. DHS and the attorney ad litem objected on the basis that she had been advised to seek treatment months ago, and the court denied the continuance. The court then received testimony from Dr. Dunn, the emergency-room doctor who first treated K.A. before she was transferred to Arkansas Children's; Detective Gonzales, the police officer who arrested Allen for drug offenses; and

Sherry Benjamin, DHS's family-service worker assigned to the case. Benjamin testified to, among other things, the circumstances surrounding the termination of the trial home placement and to the adoptability of the children.

Allen also testified. At the hearing, she explained that she had not completed the residential drug-treatment program because she had been caught smoking. She was required to write an essay as a punishment for smoking, but she could not complete it in time. She testified that she was currently living at Hope House in Little Rock and had entered a rehabilitation program at Ouachita Medical Center. Allen also discussed her felony drug charges. Allen admitted that she began using methamphetamine when she lost custody of her children, and, though she had been clean almost sixty days, she had relapsed the week before. Allen acknowledged that she did not have much success with drug treatment, but she was now committed to becoming sober, attending meetings, and had committed to the twelve-step program.

At the conclusion of the hearing, the court found that grounds for termination existed and that it was in the best interest of the children to terminate Allen's parental rights. An order to that effect was entered on January 30, 2017. Allen appeals.

We review termination-of-parental-rights cases de novo. *Lively v. Ark. Dep't of Human Servs.*, 2015 Ark. App. 131, at 4–5, 456 S.W.3d 383, 386. It is DHS's burden to prove by clear and convincing evidence that it is in a child's best interest to terminate parental rights as well as the existence of at least one statutory ground for termination. *Id.* On appeal, the inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly

erroneous when, although there is evidence to support it, the appellate court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Id.* We give a high degree of deference to the circuit court, as it is in a far superior position to observe the parties before it and judge the credibility of the witnesses. *Id.*

The termination-of-parental-rights analysis is twofold; it requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. The first step requires proof of one or more of the nine enumerated statutory grounds for termination. Ark. Code Ann. § 9–27–341(b)(3)(B) (Repl. 2015). Because Allen has not challenged the court's decision as to the grounds for termination, we need not address those findings. Rather, the only issue before this court is whether there was sufficient evidence that termination was in the children's best interest. A best–interest determination must consider the likelihood that the children will be adopted and the potential harm caused by returning custody of the children to the parent. Ark. Code Ann. § 9–27–341(b)(3)(A)(i), (ii).

Allen first argues that the oral ruling and written order demonstrate that the circuit court failed to consider the potential-harm factor as a part of its best-interest determination. Allen contends that an examination of the record will demonstrate that the court limited its analysis to adoptability.

From the bench, the court stated, "I do find by clear and convincing evidence that these children are adoptable, highly adoptable. I do find by clear and convincing evidence that it would be in the best interest of these children for there to be termination of parental rights." The order, in part, reads as follows:

> The Court finds by clear and convincing evidence that it is in the best interest of the juveniles to terminate parental rights. In making this finding, the court specifically

considered: (A) the likelihood that the juveniles will be adopted if the termination petition is granted, specifically the testimony of Sherry Benjamin who stated that [K.A.] is very loving, extremely cute and smart. She testified [S.A.] has a vivid imagination and is very entertaining. Each child is readily adoptable. (B) the potential harm on the health and safety of the juveniles caused by returning the juveniles to the custody of the parents.

After review, we hold that the language of the order is sufficient to establish that the court considered potential harm. "In considering potential harm caused by returning the child to the parent, the circuit court is not required to find that actual harm would result *or to affirmatively identify a potential harm*." *Martin v. Ark. Dep't of Human Servs.*, 2017 Ark. 115, at 15, 515 S.W.3d 599, 609, *reh'g denied* (May 4, 2017) (emphasis added).

Allen next argues that her continued struggle with drug addiction does not, in and of itself, provide a basis for a potential-harm finding and that the circuit court erred in not giving her more time to achieve sobriety and reunification. Allen, however, conflates "finding" with "considering." There is no requirement in the statute that the best-interest factors be established by clear and convincing evidence. *Reid v. Ark. Dep't of Human Servs.*, 2011 Ark. 187, at 14, 380 S.W.3d 918, 925. Instead, the potential-harm analysis should be conducted in broad terms, and, after considering all the factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *Id.*

Here, the evidence demonstrates that Allen, despite a year of services, could not maintain sobriety. She had used methamphetamine just a week before the termination hearing. This court has consistently noted that continuing drug use demonstrates potential harm to children. *See Jackson v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 440, 503 S.W.3d 122; *Eldredge v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 385; *Davis v. Ark. Dep't of*

*Human Servs.*, 2009 Ark. App. 815, 370 S.W.3d 283; *Carroll v. Ark. Dep't of Human Servs.*, 85 Ark. App. 255, 148 S.W.3d 780 (2004).

Nor does Allen's request for more time render the court's termination decision erroneous. The termination statute is child-centered, considering from their perspective how much time it would take to return them to a safe and proper home:

> The intent of this section is to provide permanency in a juvenile's life in all instances in which the return of a juvenile to the family home is contrary to the juvenile's health, safety, or welfare and it appears from the evidence that a return to the family home cannot be accomplished in a reasonable period of time as viewed from the juvenile's perspective.

Ark. Code Ann. § 9-27-341(a)(1)(B)(3). Given this purpose, a child's need for permanency and stability may override a parent's request for additional time to improve her circumstances. *Fredrick v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 104, 377 S.W.3d 306; *Dozier v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 17, 372 S.W.3d 849.

When the circuit court made its termination decision, three-year-old K.A. and five-year-old S.A. had been out of Allen's custody for thirteen months. She had a two-month trial placement that ended when she was arrested for drug-related crimes. Allen testified at the termination hearing that she was incapable of caring for the children at that time and had no concrete timetable for rehabilitation. Thus, despite Allen's efforts at reunification, we cannot say that the circuit court clearly erred in terminating her parental rights.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.
*Mary Goff*, Office of Chief Counsel, for appellee.